**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-40044-2-JAR |
| | ) | |
| TERRY THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Terry Allen Thomas is one of four defendants charged in a sixteen-count Indictment.

The other defendants are Glennard Hayes, Audrey Ferguson, and Janya Lechelle Stewart. For

Defendant Thomas, the counts charge distribution of a mixture or substance containing cocaine

base and maintenance of places for the purpose of manufacturing and distributing cocaine base.

Defendant was arrested on June 1, 2012 (Doc. 22) and appeared in front of Magistrate Judge

Sebelius on June 19, 2012 (Doc. 23). Defendant remains incarcerated. Defendant has now filed

a Motion to Dismiss (Doc. 78), alleging a violation of the Speedy Trial Act and of Defendant's

constitutional right to a speedy trial. The Court has reviewed the parties' briefs and is ready to

rule. For the reasons explained in detail below, the motion is denied.

**Discussion**

The Speedy Trial Act, title 18, section 3161(c)(1) of the United States Code, requires that

a defendant's trial start within 70 days of the indictment or first appearance, whichever is later.

The Act excludes from the 70-day requirement periods of "delay resulting from any pretrial

motion, from the filing of the motion through the conclusion of the hearing on, or other prompt

disposition of, such motion."[1]  Under section 3161(h)(1)(H), periods of "delay reasonably attributable to any period, not to exceed [30] days, during which any proceeding concerning the defendant is actually under advisement by the court" are also excluded.[2]  Where a motion "does not require a hearing, the Act excludes time through the period of its prompt disposition, but only if that period does not exceed [30] days from the date the motion is taken under advisement."[3]

The Court must address a preliminary issue before calculating Defendant's speedy-trial time.  In cases involving co-defendants, exclusions "attributable to one defendant [are] applicable to all co-defendants," subject to a "reasonableness limitation."[4]  This also holds for the start of the trial clock; a defendant's clock starts to run on the date of his last co-defendant's indictment or first appearance, whichever comes later, subject to the reasonableness limitation.[5]  In this case, the clock-start date and two periods of delay, one of 3 days and one of 71 days, are attributable to the co-defendants.  The Tenth Circuit has provided guidance on assessing reasonableness in this context:

> In making this determination, a court must examine all relevant circumstances.  The Tenth Circuit has provided three factors to guide

---

[1] 18 U.S.C. § 3161(h)(1)(D).

[2] *Id.* § 3161(h)(1)(J); *Henderson v. United States*, 476 U.S. 321, 329 (1986); *United States v. Williams*, 511 F.3d 1044, 1048 (10th Cir. 2007).

[3] *Id.*

[4] *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 915 (10th Cir. 1989) (interpreting 18 U.S.C. § 3161(h)(6) [then 18 U.S.C. § 3161(h)(7) ], which states "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" may be excluded).

[5] *United States v. Welch*, 810 F.2d 485, 488 (5th Cir. 1987) (holding that the speedy-trial clock generally begins on the date the last co-defendant first appears); *see also Henderson*, 476 U.S. at 323 n.2 (noting that "[a]ll defendants who are joined for trial generally fall within the speedy-trial computation of the latest codefendant.").

> courts in examining the relevant circumstances: (1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial. We have given the following guidance to courts analyzing the third factor: Where the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred. This inquiry into the "reasonableness" of the delay attributed to proceedings regarding a codefendant is heavily factual.[6]

Because Defendant is not free on bond, the first factor weighs against tolling the clock during the two periods of delay resulting from codefendants' motions. In contrast, the second factor favors tolling the speedy-trial clock during these periods. Defendant did not object when a co-defendant sought and received a continuance. Defendant filed a motion to sever, but the motion was based on Defendant's concern that evidence against the co-defendants would prejudice the jury against him, not on any speedy-trial concerns. The Court denied the motion to sever as moot, so the motion does not affect the speedy-trial calculations. The motion now before the Court is Defendant's first assertion of his speedy-trial rights, and, as such, is insufficient to show that he zealously pursued a speedy trial. Finally, the third factor also weighs heavily in favor of tolling the speedy-trial clock during these two periods. The government seeks to offer evidence that one co-defendant was supplying a number of persons, including Defendant, with crack to be sold from various locations. The co-defendants, including the Defendant, are alleged to have participated in the same series of acts constituting most of the offenses in question. Trying the defendants separately would require the government to prove the same facts in several different trials, resulting in the waste of prosecutorial and judicial resources.

---

[6]*United States v. Vogl*, 374 F.3d 976, 984 (10th Cir. 2004) (internal citations and quotations marks omitted).

Two of the three factors weigh in favor of tolling the speedy-trial clock during the periods of delay, and the third factor weighs heavily in that direction. Considering these factors and all other relevant circumstances, the Court concludes that the co-defendant's first appearance serves at Defendant's speedy-trial start date, and that the two periods of delay resulting from co-defendants' motions tolled Defendant's speedy-trial clock.

Moving to the speedy-trial calculations, Defendant's 70-day speedy-trial clock began to run on June 21, 2012,[7] when his last co-defendant made an initial appearance, and his trial is now set for November 5, 2012,[8] for a total period of 137 days. Absent any excluded time, this would violate the Speedy Trial Act.

On June 15, one of the co-defendants moved for a motion-hearing continuance,[9] which the Court granted on June 22.[10] This pending motion excluded 1 day from the trial clock, because the motion was under advisement for only 1 day after the last co-defendant was indicted.

Defendant's trial was initially set for August 21, 2012,[11] but, as noted in the June 22 continuance order[12] and a Docket Annotation,[13] the continuance moved the trial date from

---

[7]Doc. 33.

[8]Doc. 73.

[9]Doc. 27.

[10]Doc. 37.

[11]Doc. 28.

[12]Doc. 40.

[13]Doc. 36.

August 21, 2012, to October 30, 2012.[14]  The sealed order stated:[15]

> The Court further finds that the period of delay resulting from the continuance granted pursuant to this Order shall be excludable time as provided for in 18 U.S.C. § 3161(h)(7)(A) in that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

The Court calculates the "period of delay resulting from the continuance" as the delay from the trial date as scheduled before the motion was granted and the new trial date assigned as a result of the motion being granted.[16]  The Court uses this period as the period of delay because, had the motion not been granted, the trial would have gone forward on August 21.  Because the motion was granted, the trial was delayed until October 30.  Defendant suggests that the Court should only exclude the time required to rule on the motion for a continuance and not the delay caused by the granting of the continuance itself.  Under Defendant's method, however, almost any continuance would result in a speedy-trial violation—an impossible result.

There are 71 days from August 21 to the new trial date, so the speedy-trial clock was tolled for 71 days under 18 U.S.C. § 3161(h)(7)(A).  On October 19, 2012, Defendant filed a motion to dismiss based on alleged speedy-trial violations,[17] thereby tolling the speedy-trial clock until the date this order is issued.[18]  Because this Court issued this order on November 1, 2012, the Defendant's speedy-trial clock was tolled for 2 additional days after the end of the

---

[14]Doc. 40.

[15]Doc. 37 at 2.

[16]*United States v. Tolutau*, No. 2:08–CR–758–TC, 2012 WL 28722 at *1–*4 (D. Utah Jan. 5, 2012).

[17]Doc. 78.

[18]*United States v. Tinklenberg*, 131 S. Ct. 2007, 2011 (2011)  (permitting exclusion of time for defendant's motion to dismiss based on alleged speedy-trial violation).

delay caused by the trial continuance.  The Defendant has also filed a Motion in Limine,[19] which tolls the clock until the court rules on that motion.  The Court plans to rule on the Motion in Limine at the start of the trial, resulting in an additional tolling of 3 days (from November 2 to November 4).

On October 15, 2012, the Court orally set the case for trial on November 5, 2012.[20]  Thus, when the trial starts, Defendant's speedy-trial clock will be at 60 days (137 days - 1 day - 71 days - 2 days - 3 days = 60 days), below the 70-day time limit.  The Defendant fails to show a violation of the Speedy Trial Act.

Defendant also fails to show a constitutional speedy-trial violation.  To trigger analysis of the constitutionality of a delay, the delay must be "presumptively prejudicial."[21]  The delay in this case, from June 12 to November 5, a period of roughly 5 months, is not presumptively prejudicial,[22] so this argument fails.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 78) is **DENIED.**

**IT IS SO ORDERED.**

Dated: <u>November 1, 2012</u>

                 S/ Julie A. Robinson
                 JULIE A. ROBINSON

---

[19]Doc. 90.

[20]Doc. 73.

[21]*Barker v. Wingo*, 407 U.S. 514, 530–32 (1972) ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.").

[22]*United States v. Kalady*, 941 F.2d 1090, 1095–96 (10th Cir. 1991) (finding an 8-month delay between indictment and trial nonprejudicial).

UNITED STATES DISTRICT JUDGE