**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent/Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-40044-02-JAR** |
| | ) | **16-4009-JAR** |
| **TERRY ALLEN THOMAS,** | ) | |
| | ) | |
| **Petitioner/Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Terry Allen Thomas's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 275). The Government has responded (Doc. 280) and Petitioner has replied (Doc. 281). After a careful review of the record and the arguments presented, the Court denies Petitioner's motion without an evidentiary hearing.

## I. Procedural History and Background

On April 4, 2012, Petitioner Terry Allen Thomas, along with three co-defendants, was charged in a 16-count Indictment with drug-related offenses.[1] Petitioner and Glennard Hayes were charged in Counts 1, 3, and 7 with distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner and Hayes were also charged in Counts 11, 15, and 16 with using and maintaining drug-involved premises for the purpose of distributing cocaine base, in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2. On November 7, 2012, a jury convicted Petitioner on Counts 1, 3, 7, 11, and 15.[2]

[1] Doc. 1.

[2] Doc. 103.

The United States Probation Office prepared a Presentence Investigation Report ("PSR"), using the 2012 edition of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or "Guidelines").[3] The PSR attributed 26.91 grams of cocaine base to Petitioner, equating to 96.10 kilograms of marijuana, and triggering a base offense level of 24 under U.S.S.G. § 2D1.1.[4] The PSR added a two-level enhancement for possessing a dangerous weapon under § 2D1.1(b)(1), and recommended against Petitioner receiving a two-level reduction for a minor-role under § 3B1.2. Petitioner was assigned a total of twelve criminal history points, with a resulting criminal history category V. The PSR arrived at twelve points by calculating as follows: (1) three points for a 2002 conviction for criminal possession of a firearm; (2) one point for a 2003 conviction for driving under the influence; (3) two points for a 2004 conviction for obstructing legal process and driving while suspended; (4) two points for a 2005 conviction for driving under the influence; (5) one point for a 2010 conviction for driving without a license; (6) one point for a 2012 conviction for obstructing legal process; and (7) two points for committing the instant offense while under a criminal justice sentence for the 2010 conviction referenced above.[5]

This Court sentenced Petitioner on February 11, 2013.[6] The Court denied Petitioner's objection to the PSR's calculation of his criminal history score and found that the PSR was

---

[3]Doc. 145.

[4]*Id.* at ¶ 48.

[5]*Id.* at ¶¶74–85. The PSR includes multiple offenses that are not included in Petitioner's criminal history score for various reasons, including juvenile convictions and convictions that occurred before 2001.

[6]Doc. 176, Tr. Sent. Hr'g.

accurate.[7] The Court determined that Petitioner's total offense level was 28, his criminal history category was V, and his advisory Guidelines sentencing range was 130 to 162 months.[8] The Court imposed a 130-month sentence on each of Petitioner's counts of conviction, all to run concurrently.[9]

***First Direct Appeal and Remand***

Defendant appealed his convictions and sentence to the Tenth Circuit Court of Appeals. He challenged his convictions and sentence on several grounds, including that the evidence was insufficient to support his convictions, the Court incorrectly calculated the drug quantity attributable to him, and the government failed to prove the prior convictions used to establish his criminal history score.[10] The court affirmed Petitioner's convictions and the Court's finding that 26.91 grams of cocaine base was attributable to Petitioner,[11] but vacated his sentence on the basis that the government did not prove several of the convictions used to calculate his criminal history score.[12] The case was remanded back to this Court for resentencing.[13]

***Sentencing on Remand***

This Court conducted resentencing hearings on September 3 and October 20, 2014.[14]

---

[7]*Id.* at 22–24, 40.

[8]*Id.* at 32.

[9]*Id.* at 40; Doc. 158.

[10]*United States v. Thomas*, 749 F.3d 1302 (10th Cir. 2014).

[11]*Id.* at 1309–14, 1317.

[12]*Id.* at 1315.

[13]*Id.* at 1318.

[14]Tr. Sent. Hrg., Docs. 220, 221.

After considering the government's proof of Petitioner's prior convictions, the Court recalculated Petitioner's criminal history category as II under the Guidelines.[15] This time, the history was based only on the 2002 conviction for criminal possession of a firearm, as set forth in paragraph 74 of the PSR. The evidence offered as proof of this conviction was a printout from the Kansas Adult Supervised Population Electronic Repository (KASPER), an online database maintained by the state Department of Corrections. The Court held that the KASPER report established by a preponderance of the evidence that Petitioner had been convicted of a crime in 2002 that resulted in three criminal history points pursuant to U.S.S.G. § 4A1.1(a), which placed his criminal history in category II.[16] Accordingly the Court determined that based on Petitioner's originally-calculated total offense level of 28, criminal history II, his Guidelines sentencing range was 87 to 108 months, and the Court announced a tentative sentence of 87 months.[17] The Court further reduced Petitioner's total offense level to 26 after crediting him with a two-level reduction to reflect Amendment 782's prospective application to the crack cocaine Guideline effective November 2015.[18] Based on this calculation, which reduced Petitioner's advisory Guidelines sentencing range to 70 to 87 months, this Court sentenced Petitioner to serve 72 months on each of Counts 1, 3, 7, 11, and 15, to run concurrently with each other.[19]

---

[15] Doc. 221 at 9.

[16] *Id.* at 7-10. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

[17] *Id.* at 9–10.

[18] *Id.* at 14–15.

[19] *Id.* at 15, 18–19.

***Second Appeal***

Petitioner directly appealed the 72-month sentence imposed by this Court on remand. The Tenth Circuit affirmed the Court's sentence, holding: 1) the information in the KASPER report contained sufficient indicia of reliability, and 2) on plain error review, this Court's erroneous determination of the length of Petitioner's prior conviction did not affect his substantial rights.[20] On the latter issue, the government conceded at oral argument that the Court plainly erred by using the KASPER report to find that Petitioner's prison sentence for the 2002 conviction was in excess of one year and one month, but the error did not affect his substantial rights because the report established that Petitioner had been sentenced to at least sixty days in prison, which would have resulted in two criminal history points instead of three, keeping the criminal history score in Category II, and resulting in the same Guidelines range of 70 to 87 months.[21]

The government acknowledges that Petitioner timely filed the instant 28 U.S.C. § 2255 motion within the applicable time period, one year after the date the judgment becomes final.[22]

## II. Legal Standard

Under 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

---

[20] *United States v. Thomas*, 611 F. App'x 508, 510 (2015).

[21] *Id.* at 512.

[22] *See* 28 U.S.C. § 2255(f).

imposed the sentence to vacate, set aside or correct the sentence.

If the court does not find that the movant is entitled to relief, based upon an examination of the motion, attached exhibits, and the record, the court must dismiss the motion.[23] However, unless the motion, files, and record conclusively show that the movant is not entitled to relief, an evidentiary hearing must be held.[24] A petitioner must allege facts, which if proven, would warrant relief from his conviction or sentence.[25] If the factual allegations in the § 2255 motion contradict the record, are inherently incredible, or are conclusions rather than statements of fact an evidentiary hearing is not necessary.[26]

Because Petitioner's submissions were filed *pro se*, his pleadings must be construed liberally and not to the standard applied to an attorney's proceedings.[27] If a *pro se* petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[28] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[29] For that reason, the court shall not supply additional factual allegations to

[23]Rule 4(b), Rules Governing Section 2255 Proceedings for United States District Courts.

[24]28 U.S.C § 2255(b).

[25]*See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[26]*Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[27]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[28]*Id.*

[29]*Id.*

round out a petitioner's claims or construct a legal theory on his behalf.[30]

**III. Discussion**

Petitioner seeks vacatur of his conviction and sentence on nine grounds, none of which assert a claim of ineffective assistance of counsel:

- Ground One: Speedy trial. Petitioner claims that "[t]rial started 146 days after arraignment, court erred denying motion for dismissal."
- Ground Two: admissibility of CI testimony. Petitioner claims that "CI's testimony was uncorroborated, purchases wasn't controlled buys," and the CI's testimony was not believable or credible.
- Ground Three: admissibility of drug evidence. Petitioner claims the chain of custody for unspecified evidentiary items admitted at his trial was insufficient so as "to render it improbable that the original item has either been exchanged with another or been contaminated or tampered with."
- Ground Four: jury instructions. Petitioner references "the language of used or maintain a place for the purpose of manufacturing or distributing a controlled substance."
- Ground Five: insufficiency of the evidence. Petitioner claims the "sufficiency of the evidence . . . presented at trial was insufficient to convict. Investigation was state operated."
- Ground Six: cumulative error. Petitioner asserts the "evidence was underwhelming and relied upon speculative evidence and unreliable testimony."
- Ground Seven: "sentencing based on unproven convictions."

---

[30] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

- Ground Eight: "sentencing based on conduct that was not involved in the conviction."
- Ground Nine: "minor participant."

The government argues that the Tenth Circuit has considered and disposed of the grounds upon which Petitioner now asserts a basis for relief under § 2255. Specifically, the Tenth Circuit found that no error occurred with respect to the issues raised under Grounds One, Two, Three, Four, Five, Six, and Eight.[31] The court granted relief on Ground Seven and remanded the issue back to this Court.[32] The court deemed Petitioner's argument under Ground Nine as to the applicability of the minor participant reduction for sentencing purposes to have been waived because of inadequate briefing.[33] And in Petitioner's direct appeal after remand, the Tenth Circuit ruled on the issue asserted under Ground Seven, finding adversely to Petitioner.[34]

Petitioner concedes that he raised all of these claims on direct appeal and the Tenth Circuit disposed of them on direct appeal.[35] "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."[36] Because the Tenth Circuit has considered and decided these issues, Petitioner cannot ask this Court to reconsider those issues in the instant § 2255 motion, and his claims are denied.

---

[31] *See Thomas*, 749 F.3d at 1306–08.

[32] *Id.* at 1307, 1315–16.

[33] *Id.* at 1307–08, 1317.

[34] *See Thomas*, 611 F. App'x at 510–13.

[35] Although the Tenth Circuit did not address the merits of Ground Nine, the "minor participant" issue, Petitioner presents no ground, argument, or reason for the Court to grant relief on this bare allegation, and does not address the claim further in his reply.

[36] *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *see also United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

Petitioner further argues in his reply that the Court committed clear error by relying upon his unsupported 2010 conviction for adding two points to his criminal score for being under a criminal justice sentence at the time of commission of the instant offense. While Petitioner is correct that the unsupported 2010 conviction was not a proper basis for the additional two point score, neither that conviction nor the two points attributed at paragraph 84 in the original criminal history score were used by the Court on resentencing. Instead, as previously discussed, the only prior conviction used was the 2002 conviction for criminal possession of a firearm, resulting in a score of two or three points, with history of Category II.[37] Petitioner's claim is also denied on this ground.

## IV. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[38] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[39] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[40] "This threshold inquiry does not require full

---

[37]*See Thomas*, 611 F. App'x at 512; Doc. 221 at 9.

[38]28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[39]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[40]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[41] For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling denying his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Terry Allen Thomas's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Doc. 275) is DENIED without an evidentiary hearing. The Court also denies Petitioner a COA.

**IT IS SO ORDERED.**

Dated: August 15, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

[41] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).